IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JERRY DARNELL                                                                    PETITIONER

v.                                                                    No. 1:15CV45-MPM-DAS

STATE OF MISSISSIPPI, ET AL.                                                   RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jerry Darnell for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [10] to dismiss the petition for failure to state a claim upon which relief could be granted. Darnell has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion [10] will be granted, and instant petition for a writ of *habeas corpus* will be dismissed.

**Facts and Procedural Posture**

Jerry Darnell is in the custody of the Mississippi Department of Corrections and is currently housed in the South Mississippi Correctional Institution. He was convicted in Lowndes County Circuit Court for aggravated assault and is currently serving a sentence of fifteen years with five years of post-release supervision. Darnell's sentence was imposed by the Lowndes County Circuit Court on November 21, 2014. Darnell's appeal of his conviction and sentence for aggravated assault is currently before the Mississippi Supreme Court in Cause No. 2014-KA-1804.

In the instant case, however, Darnell has not challenged the conviction for aggravated assault. Instead, he lists three Lowndes County Circuit Court cases as the convictions he challenges in this case: 2010-512-CR1, 2011-0225-CR1H and a revocation action in 2012-0008-CV1H . ECF Doc. 1, p. 1. Darnell is not, however, incarcerated under any of these convictions.

In paragraph 5 of the court's form *habeas corpus* petition, which requires petitioner to list the crimes he was convicted of and sentenced to in this case, he states: two counts of burglary and one count of possession of stolen property. Darnell also adds in the petition that he was sentenced to a term of five years and notes that his probation was revoked on November 18, 2010. In his prayer for relief, Darnell requests compensation in the amount of $999,999,999 for "wrongful imprisonment, fraud/misconduct, [perjury], misrepresentation, and malicious prosecution, tort by affirmative action."

However, Darnell's charges in Cause No. 2010-512 were dismissed on November 20, 2014. In addition, the charges in Cause No. 2011-00225-CR1H were dismissed without prejudice on 31, 2011. Further, on March 2, 2012, in Lowndes County Circuit Court Cause No. 2012-0008-CV1H, Darnell's probation revocation in an additional case, Cause No. 2008-0416-CR1, was dismissed, and his probation was reinstated. According to the Lowndes County Circuit Clerk's Office, Darnell was originally sentenced on a guilty plea to felony fleeing from a law enforcement officer and sentenced to five years' probation. On November 28, 2010, a revocation order was filed requiring Darnell to serve five years in the custody of the Mississippi Department of Corrections.

On November 26, 2013, a "Discharge Order" from the Lowndes County Circuit Court was filed terminating Darnell's probation. Hence, all of the convictions and sentences, including the probation revocation, that Darnell has challenged in the instant petition have been dismissed, and Darnell is not currently in custody regarding any of those charges.

A federal court may only exercise jurisdiction over *habeas corpus* matters when the person seeking relief is "*in custody* in violation of the constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3) (emphasis added); 28 U.S.C. § 2254(a). Darnell has not met the "in custody" requirement, as his petition is directed to state court convictions and a probation revocation – all of which have been dismissed. In addition, Darnell's request for $999,999,999.00 in damages is not a valid claim under 28 U.S.C. §2254. *Preiser v. Rodriguez,* 411 U.S.474, 494 (1973) ("In the case of a damages claim, *habeas corpus* is not an appropriate or available federal remedy.")

For these reasons, the motion by the State to dismiss the instant petition for a writ of *habeas corpus* will be granted, and the instant petition will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of July, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**